J-S08042-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| A.J.H., | : | |
| | : | |
| Appellant | : | No. 1315 WDA 2015 |

Appeal from the PCRA Order entered on August 12, 2015
in the Court of Common Pleas of Fayette County,
Criminal Division, No(s): CP-26-CR-0000707-2005

BEFORE: STABILE, DUBOW and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED MARCH 16, 2016**

A.J.H. appeals from the Order dismissing his third Petition filed

pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

This Court previously set forth the relevant facts supporting A.J.H.'s

convictions as follows:

> In February 2005, A.J.H. and his girlfriend were living together
> with their two children in Dunbar, Fayette County.   Their
> daughter, K.H., born February 1999, had just turned five when
> the assaults occurred.  K.H. started school in Dunbar in the
> Conne[ll]sville School District that February.   She had been
> previously diagnosed as suffering from developmental delays
> and a form of autism, so she was enrolled in a life skills support
> program at the school for children with cognitive impairment.
> N.T. Trial, 10/06/2005, at 194.  The class was taught by Daun
> Prinkley ["Prinkley"], as well as [] classroom aide[s] ….  ***Id***. at
> 126.
>
> During the summer of 2004, K.H. began to suffer from
> constipation and fecal impaction.  At that time, A.J.H. brought
> his daughter to the hospital[,] where he was provided with
> suppositories and instructed to give them to her. K.H. continues
> to have issues with her bowels and potty training, requiring her

---

[1] ***See*** 42 Pa.C.S.A. §§ 9541-9546.

parents and teachers to clean her regularly. *Id*. at 195.

Throughout the month of March 2005, K.H. made numerous unsolicited comments to Prinkley and the classroom aides about [A.J.H.], including "My daddy puts his fingers up my butt," and "Daddy whips me all the time and he won't stop," explaining that it "really hurts" and describing further pain in her vaginal area. On March 14, 2005, Prinkley referred K.H. to the school's guidance counselor, Trudy Harvey ["Harvey"]. After hearing [K.H.]'s descriptions, which further included her father "saying yes" when she "said no" and licking her vaginal area, Harvey referred the case to Fayette County Children and Youth Services (FCCYS).

In a conversation with FCCYS caseworker Brian Davis, K.H. described the same instances with [A.J.H.,] and indicated that [A.J.H. had] exposed his penis to her and touched her private area with his penis. K.H. drew pictures for Davis at his request to ensure that he understood her clearly. *Id*. at 154, 158. Doctor Mary Carrasco, a pediatrician and the Director of International Community Health at Mercy Hospital in Pittsburgh, examined K.H. on March 22, 2005. Doctor Carrasco found an irregularity of K.H.'s hymenal edge and noted that it was an abnormal finding in a child K.H.'s age[,] and was consistent with vaginal penetration. *Id*. at 42, 46, 48.

*Commonwealth v. A.J.H.*, 83 A.3d 1059 (Pa. Super. 2013) (unpublished memorandum at 3-4).

Following a jury trial, A.J.H. was convicted of statutory sexual assault, aggravated indecent assault of a person less than 13 years of age, indecent assault of a person less than 13 years of age, and simple assault. In March 2006, the trial court imposed an aggregate sentence of seven to thirty years in prison.

This Court affirmed A.J.H.'s judgment of sentence on February 19, 2008. *See Commonwealth v. A.J.H.*, 951 A.2d 1211 (Pa. Super. 2008) (unpublished memorandum). A.J.H. did not seek allowance of appeal with

the Pennsylvania Supreme Court. A.J.H. timely filed his first PCRA Petition in January 2009, which the PCRA court later dismissed. This Court affirmed the dismissal.[2] **See A.J.H.**, 83 A.3d 1059. A.J.H. filed a second PCRA Petition on June 30, 2014, which the PCRA court dismissed as being untimely. A.J.H. did not appeal the dismissal.

A.J.H. filed the instant PCRA Petition, his third, *pro se*, on September 18, 2014, after which his appointed PCRA counsel (and current counsel), James Natale, Esquire ("Attorney Natale"), filed three amended Petitions. In relevant part, Attorney Natale alleged in the third Amended PCRA Petition as follows:

> The alleged victim, K.H., has recently made statements to [her paternal grandmother, A.H.], that now that K.H. is older she understands that she was never sexually assaulted, and that any touching of her gentiles [*sic*] and anus performed by [A.J.H.] was for hygienic or medical purposes. These statements recently made by K.H. constitute exculpatory evidence that was unavailable at the time of trial, which would have changed the outcome of the trial if it had been introduced. [A.J.H.'s] claim is not time barred, because K.H. has only recently made these statements[,] and [A.J.H.] filed [a PCRA] Petition upon learning of [K.H.'s] statements.

Third Amended PCRA Petition, 5/5/05, at ¶¶ 20-22 (paragraph breaks and numbering omitted). A.J.H. also raised a claim that his sentence was illegal because the trial court had sentenced him under a mandatory minimum sentencing statute that has been ruled unconstitutional. **See id.** at ¶¶ 30-36.

---

[2] As we will discuss below, A.J.H. filed with the Pennsylvania Supreme Court a Petition for allowance of appeal concerning his first PCRA Petition, which the Supreme Court later dismissed.

On June 16, 2015, the PCRA court conducted a hearing (hereinafter, "the PCRA hearing"), wherein K.H., A.J.H., and Attorney Natale testified. On cross-examination, K.H. initially denied that her paternal grandmother, A.H., had discussed the case with her, but later changed her testimony, stating that A.H. had told K.H. what to say at the PCRA hearing. N.T., 6/16/15, at 8, 10. K.H. then testified that although A.J.H. had, in fact, inserted his finger in her "butt" (*i.e.*, anus) when she was approximately six years old, he did so because he was treating her for constipation, which was causing her significant discomfort. *Id.* at 14, 16-17. Additionally, K.H. stated that A.J.H. had not put his fingers anywhere in her body other than her "butt," and that he did not use any of his body parts other than his fingers. *Id.* at 18. K.H. further stated that although she does not remember A.J.H. having ever licked her body with his tongue, she had testified to the contrary at trial. *Id.* at 12-13. When the prosecutor asked K.H., concerning her testimony at trial, "[a]nd you don't have any reason to believe that it didn't happen at this point, do you?" K.H. responded, "No." *Id.* at 13. Finally, regarding when the defense first became aware of K.H.'s recantation, A.J.H. and Attorney Natale offered conflicting testimony. *See id.* at 23, 30, 39.

By an Order entered on August 12, 2015, the PCRA court dismissed A.J.H.'s third PCRA Petition. A.J.H. timely filed a Notice of Appeal. In response, the PCRA court ordered A.J.H. to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. A.J.H. timely filed a Concise Statement, after which the PCRA court filed a Statement In Lieu of Opinion.

On appeal, A.J.H. presents the following questions for our review:

1. Whether the PCRA court erred in finding [that A.J.H.'s PCRA] Petition is untimely when [A.J.H.] delayed filing his Petition, because he believed he had filed a petition for allowance of appeal to the Pennsylvania Supreme Court?

2. Whether the PCRA court erred in finding [that] the statements made by the alleged victim, K.H., that [A.J.H. had] touched her for strictly medical or hygienic reasons[,] did not constitute recently discovered exculpatory evidence?

3. Whether the PCRA court erred [by] denying [A.J.H.'s] claim that the mandatory minimum sentence that he received is unconstitutional, because the court believed that the claim was time[-]barred?

Brief for Appellant at 3 (capitalization omitted).

In reviewing an order dismissing a PCRA Petition, we examine whether the PCRA court's determination is supported by the record and free of legal error. **Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." **Commonwealth v. Mitchell**, 105 A.3d 1257, 1265 (Pa. 2014) (citation omitted).

Under the PCRA, a defendant must file any PCRA petition within one year of the date that the judgment of sentence became final. 42 Pa.C.S.A. § 9545(b)(1). A.J.H. acknowledges that his instant PCRA Petition is facially untimely, as it was filed well over one year after his judgment of sentence became final in March 2008. **See** Brief for Appellant at 12-13.

- 5 -

However, Pennsylvania courts may consider a facially untimely PCRA petition if the appellant can explicitly plead and prove one of three exceptions to the time bar: (i) the failure to raise the claim was the result of government interference; (ii) the facts of the new claim were unknown to the petitioner and could not have been discovered with due diligence; or (iii) the right asserted is a constitutional right recognized by the United States Supreme Court or the Pennsylvania Supreme Court after the time period provided in the section and has been held to apply retroactively. 42 Pa.C.S.A. § 9545(b)(1)(i-iii) (collectively "the timeliness exceptions"). Importantly, any PCRA petition invoking one of the timeliness exceptions must be filed within sixty days of the date the claim could have been presented. *Id*. § 9545(b)(2); *Commonwealth v. Albrecht*, 994 A.2d 1091, 1094 (Pa. 2010).

We will address A.J.H.'s first two issues simultaneously, as both relate to whether he timely pled and proved the after discovered evidence timeliness exception, 42 Pa.C.S.A. § 9545(b)(1)(ii).

A.J.H. argues that the PCRA court erred in finding that he failed to (1) invoke the after discovered evidence exception within sixty days of the date that the claim first could have been presented, pursuant to section 9545(b)(2); and (2) meet the requirements of this exception. *See* Brief for Appellant at 13-19. According to A.J.H., K.H.'s testimony at the PCRA hearing that A.J.H. had touched her "butt" for medical or hygienic reasons was of such significance that it would have changed the outcome of his trial,

wherein K.H. was the Commonwealth's chief witness. *Id.* at 18-19. A.J.H. further contends that "K.H.'s recantation of her trial testimony is not merely corroborative or cumulative [of the evidence presented at trial], because K.H. was the alleged victim in the case and no other witness observed the alleged abuse." *Id.* at 18. According to A.J.H., any finding to the contrary is improper, since it "ignores the impact that this exculpatory testimony would have upon a jury if it was made by the alleged victim." *Id.*

In its Opinion, the PCRA court thoroughly addressed A.J.H.'s claims, set forth the applicable law concerning the after discovered evidence exception, and determined that (1) A.J.H. failed to invoke the exception within the sixty-day requirement of section 9545(b)(2); and (2) even if he had timely invoked the exception, he failed to meet its requirements. *See* PCRA Court Opinion, 8/14/15, at 5-12. We agree with the PCRA court's rationale and determination, which is supported by the law and the record, and adopt it for the purpose of this appeal. *See id.*[3]

We additionally note that A.J.H. contends he had previously invoked the after discovered evidence exception, in his second PCRA Petition, within the sixty-day requirement of section 9545(b)(2). *See* Brief for Appellant at 10, 13-15. According to A.J.H.,

> [a]t the time [that he] received notice that K.H. had made
> statements recanting her trial testimony[,] he was actively trying

---

[3] To the extent that the PCRA court's ruling concerns its assessment of K.H.'s credibility and the reliability of her recantation, *see, e.g.*, PCRA Court Opinion, 8/14/15, at 9-11, we defer to the PCRA court's assessment, as it is supported by the record. *See Mitchell, supra*.

to appeal [the denial of] his First PCRA Petition to the Pennsylvania Supreme Court. []  When [A.J.H.] was notified by the Pennsylvania Supreme Court that his case had been closed, he filed his Second PCRA Petition within sixty [] days of receiving that notice.  Therefore, [A.J.H.] complied with the sixty [] day time limitation for filing petitions claiming after discovered evidence.

*Id.* at 10.  A.J.H. points out that our Pennsylvania Supreme Court has held that "when an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review."  *Id.* at 13 (quoting *Commonwealth v. Lark*, 746 A.2d 585, 588 (Pa. 2000)).[4]

The PCRA court rejected A.J.H.'s claim in this regard, stating as follows:

[T]he claim that [A.J.H.'s] Petition for Allowance of Appeal to the Pennsylvania Supreme Court delayed the filing of his PCRA is entirely without merit.  The Petition for Leave to File Petition for Allowance of Appeal *Nunc Pro Tunc* was first filed on October 7, 2013[,] at Supreme Court Docket Number 66 WM 2013.  At the … PCRA hearing, [Attorney Natale] testified that he represented [A.J.H.] in October 2013 because it was during this time that Attorney Natale first received word of the supposed exculpatory statements by K.H.  [N.T., 6/16/15, at 39].  Attorney Natale further stated that it was [A.J.H.] who "wanted to continue with his appeal to the Pennsylvania Supreme Court" in October 2013.  *Id.*  [A.J.H.] then waited until February 2014 to decide [that] he intended to proceed on another PCRA [petition,] and advised Attorney Natale to file the same and to withdraw his appeal to

_____

[4] The *Lark* Court went on to hold that if the subsequent PCRA petition is not filed within one year of a final judgment, the petitioner must plead and prove (1) one or more of the timeliness exceptions; and (2) that the petition was filed within 60 days of the date of the order which finally resolved the previous petition, because this is the first date the claim could have been presented.  *Lark*, 746 A.2d at 588.

- 8 -

the Supreme Court. *Id.* According to the docket at 66 WM 2013, the Supreme Court dismissed the Petition for Leave to File Allowance of Appeal *Nunc Pro Tunc* on February 3, 2014, which corroborates Attorney Natale's testimony. Upon dismissal, the Supreme Court granted [A.J.H.] forty-five [] days to resolve his attorney representation issues, but the Supreme Court closed the case on February 20, 2014. [A.J.H.] then did not file [his second] PCRA [Petition] until June 30, 2014.

Based on the record before the [PCRA c]ourt, it certainly appears that [A.J.H.] made the ultimate decision to follow through on his Supreme Court appeal, which consequently delayed the filing of [his second] PCRA. According to Attorney Natale, he became aware of the newly-discovered evidence in October 2013. [A.J.H.], at that time, then chose to pursue the appeal instead of filing a new PCRA. If [A.J.H.] wanted to abandon his appeal and file another PCRA, the record demonstrates he surely had the means to do so in October 2013, when the new evidence came to light. Instead, he waited an additional five months, until February 2014, to try and resolve his appeal with the Supreme Court. Moreover, the Supreme Court officially closed its case on February 20, 2014. [A.J.H.] then waited another four months, until June 30, 2014, to file [his second] PCRA [Petition]. Therefore, the [PCRA c]ourt cannot give any credence to the plea that [A.J.H.] delayed [filing] his [second] PCRA [Petition] because of a pending appeal with the Supreme Court, as the record provides no evidence to substantiate the claim.

PCRA Statement In Lieu of Opinion, 9/17/15, at 2-3 (unnumbered). We agree with the PCRA court's determination, and conclude that *Lark* is unavailing to A.J.H. Accordingly, the PCRA court did not err in determining that A.J.H. failed to timely plead and prove the after discovered evidence timeliness exception, and A.J.H.'s first two issues thus do not entitle him to relief.

Next, A.J.H. argues that the PCRA court improperly denied his PCRA Petition because the sentencing court had imposed an illegal sentence by

applying the mandatory minimum sentencing provision under 42 Pa.C.S.A. § 9718(a)(3).[5]  **See** Brief for Appellant at 20-24.  In support, A.J.H. relies upon this Court's recent decision in **Commonwealth v. Wolfe**, 106 A.3d 800, 805-06 (Pa. Super. 2014) (holding that section 9718 is void in its entirety and facially unconstitutional based upon the United States Supreme Court's decision in **Alleyne v. U.S.**, 133 S. Ct. 2151 (2013), which held that any "fact" that increases a mandatory minimum sentence must be treated as an element of the crime that must be submitted to a jury, not a sentencing court, and found beyond a reasonable doubt).  Though A.J.H. does not specifically so state in his brief, it appears that he believes this claim fulfills the requirements of the newly recognized constitutional right exception to the PCRA time bar set forth at 42 Pa.C.S.A. § 9545(b)(1)(iii).

In its Opinion, the PCRA court addressed A.J.H.'s claim, set forth the applicable law, and determined that the claim does not entitle him to relief because this Court has held that the **Alleyne** decision is not a sufficient basis to invoke the exception at section 9545(b)(1)(iii), as the decision does

---

[5] Section 9718(a)(3) mandates a minimum sentence of five years for a person convicted of, *inter alia*, aggravated indecent assault of a person less than 13 years of age.  42 Pa.C.S.A. § 9718(a)(3).  Notably to A.J.H.'s issue, subsection (c) of section 9718 provides, *inter alia*, that "[t]he provisions of this section shall not be an element of the crime ….  The applicability of this section shall be determined at sentencing.  The court … shall determine, by a preponderance of the evidence, if this section is applicable."  **Id.** § 9718(c).

- 10 -

J-S08042-16

not apply retroactively. **See** PCRA Court Opinion, 8/14/15, at 12-14.[6, 7] We agree with the PCRA court's analysis and determination, and therefore affirm on this basis as to A.J.H.'s final issue. **See id.**

Accordingly, because A.J.H.'s third PCRA Petition is untimely and he failed to meet the requirements of any of the timeliness exceptions, the PCRA court properly dismissed the Petition.

Order affirmed.

---

[6] We observe that A.J.H. concedes that even if **Alleyne** is interpreted as enunciating a newly recognized constitutional right, such right is not applicable retroactively to cases on PCRA review. **See** Brief for Appellant at 22-24 (citing **Miller**, 102 A.3d at 995, and **Commonwealth v. Riggle**, 119 A.3d 1058, 1067 (Pa. Super. 2015)). Nevertheless, A.J.H. urges us to hold contrary to our precedent and allow **Alleyne** to apply retroactively. Brief for Appellant at 24; **see also id.** at 10 (asserting that "the rulings of the Pennsylvania Superior Court finding **Alleyne** is not entitled to retroactive effect are manifestly unfair in that these rulings require him to serve an illegal sentence without recourse."). We may not overrule our prior precedent. **See Commonwealth v. Beck**, 78 A.3d 656, 659 (Pa. Super. 2013) (noting that one panel of the Superior Court is not empowered to overrule another panel of the Superior Court).

[7] Moreover, A.J.H. failed to invoke the newly recognized constitutional right exception in a timely manner. **Alleyne** was decided on June 17, 2013. A.J.H. did not file the instant PCRA Petition until September 18, 2014, well over sixty days after the date the claim could have been presented. Therefore, A.J.H. failed to meet the timeliness requirement of 42 Pa.C.S.A. § 9545(b)(2). **See Commonwealth v. Boyd**, 923 A.2d 513, 517 (Pa. Super. 2007) (stating that "[w]ith regard to [a newly] recognized constitutional right, this Court has held that the sixty-day period begins to run upon the date of the underlying judicial decision.").

- 11 -

IN THE COURT OF COMMON PLEAS OF FAYETTE COUNTY, PENNSYLVANIA

**COMMONWEALTH OF PENNSYLVANIA**

v.

A█████ H███,

**Defendant.**

CRIMINAL DIVISION

**No. 707 of 2005**

# OPINION AND ORDER

*Jack Heneks, Esq., District Attorney*
*James Natale, Esq., for the Defendant*

*LESKINEN, J.*

Before the Court is a "Third Amended Post-Conviction Relief Act Petition" (hereinafter "PCRA") filed on behalf of Defendant A█████ H███ (hereinafter "Defendant").[1] After a jury trial, the Defendant was found guilty of Statutory Sexual Assault, Aggravated Indecent Assault on a Person Less Than 13 Years of Age, Indecent Assault of a Person Less Than 13 Years of Age, and Simple Assault. He was sentenced on March 17, 2006 to a period of not less than sixty (60) months nor more than two hundred forty (240) months on the Aggravated Indecent Assault, and a period of not less than twenty-four (24) months nor more than one hundred twenty (120) months on the Statutory Sexual Assault, with these sentences to run consecutive. This sentence structure gives Defendant an aggregate term of incarceration of seven (7) years to thirty (30) years.

---

[1] This PCRA is the Defendant's third overall PCRA. Defendant timely filed his first PCRA on January 9, 2009, which was dismissed on September 25, 2012 by the Honorable Ralph C. Warman, Senior Judge. Defendant filed his second PCRA on June 30, 2014, which Judge Warman dismissed on August 27, 2014. The Defendant then filed this, his third PCRA, on September 18, 2014. Defendant's counsel has since filed amended petitions on November 7, 2014, March 13, 2015, and May 5, 2015.

On May 5, 2015, Defendant's counsel filed the Third Amended PCRA on his behalf. In the PCRA, the Defendant alleges three grounds for relief: 1) recently discovered exculpatory evidence; 2) ineffectiveness of counsel; and 3) illegal sentence. This Court held hearings on May 18, 2015 and June 16, 2015, and heard arguments on the merits of the PCRA. After a full review of the record, the Court finds that the Defendant has not proven any of his claims for PCRA relief. Accordingly, the PCRA must be denied for the reasons discussed below.

## BACKGROUND

By way of background, we would first note that Judge Warman has previously drafted two PCRA opinions in this matter. (*See* Op. and Order 1-38, Sept. 25, 2012; Op. and Order 1-4, Aug. 27, 2014). These opinions provide a comprehensive background on the procedural history and facts of this case through Defendant's filing of his second PCRA on June 30, 2014. In lieu of reiterating what has already been adequately explained by Judge Warman, the Court hereby incorporates those opinions herein.

On September 18, 2014, the Defendant filed *pro se* his third PCRA. Because of the retirement of Judge Warman, this PCRA was assigned to the Honorable Nancy D. Vernon. Judge Vernon then appointed Defendant's current counsel, James Natale, to represent the Defendant on the PCRA. Judge Vernon held a hearing on December 17, 2014.[2] During the hearing, Judge Vernon heard testimony from the victim in this matter,

---

[2] At the December 2014 hearing, defense counsel withdrew his claim of ineffectiveness of counsel. (PCRA Hr'g Tr. 3, Dec. 17, 2014). Even though counsel has included the ineffective claim in his Third Amended PCRA, this Court confirmed that counsel did indeed intend to withdraw the claim. (PCRA Hr'g Tr. 8, May 18, 2015). As such, we will not address it in this Opinion.

2

K.H. However, during the hearing, Judge Vernon recalled that she was District Attorney in 2005 when charges were filed in this case. Therefore, Judge Vernon recused herself and the PCRA was then delegated to the undersigned.

This Court then scheduled a hearing for May 18, 2015, but the Defendant was not transported from the State Correctional Institution at Laurel Highlands for the hearing. The hearing was then rescheduled for June 16, 2015. At the hearing, the Court heard testimony from the victim, K.H.,[3] as well as testimony from the Defendant and from his attorney, James Natale.

## DISCUSSION

### *After-Discovered Evidence*

Pursuant to the Pennsylvania Post-Conviction Relief Act:

(a) To be eligible for relief...the petitioner must plead and prove by a preponderance of the evidence all of the following:

> (1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:
>
> > (i) currently serving a sentence of imprisonment, probation or parole for the crime;
>
> ***
>
> (2) That the conviction or sentence resulted from one or more of the following:
>
> > (i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
> >
> > (ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process

---

[3] K.H. was six years old at the time of the incident. She was sixteen at the time of the June 16, 2015 PCRA hearing.

3

that no reliable adjudication of guilt or innocence could have taken place.

iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.

(iv) The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.

\*\*\*

(vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.

(vii) The imposition of a sentence greater than the lawful maximum.

(viii) A proceeding in a tribunal without jurisdiction.

(3) That the allegation of error has not been previously litigated or waived.

42 Pa.C.S.A. § 9543.

In addition to the general requirements, there is a one-year time limitation to file for relief and three exceptions to that limitation, expressly set forth as follows:

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

4

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S.A. § 9545(b).

This Court has no jurisdiction to consider an untimely petition for relief under the Post Conviction Relief Act, as the statutory time limit for bringing a post-conviction relief petition is jurisdictional. *Commonwealth v. Fahy*, 737 A.2d 214, 222 (Pa. 1999). As his first claim, Defendant argues that the victim, K.H., has recently made statements to the Defendant's mother, A█████H█████, that she was never sexually assaulted, and that any touching of her genitals and anus by the Defendant was for hygienic or medical purposes. (Def.'s 3rd Am. PCRA ¶ 20, May 5, 2014). The Defendant contends these alleged exculpatory statements are after-discovered evidence.

As stated *supra*, Judge Warman sentenced the Defendant on March 17, 2006. He filed a Notice of Appeal on April 13, 2006. The Superior Court affirmed his sentence on February 19, 2008. The Defendant did not file a Petition for Allowance of Appeal with the Pennsylvania Supreme Court, so his sentence became final on May 19, 2008. Thus, this PCRA is well past the one-year time requirement of § 9545(b). Defendant therefore must adequately plead and prove the after-discovered evidence exception to overcome his untimely PCRA.

In order to prevail on an untimely PCRA under the after-discovered evidence exception, a petitioner must demonstrate that the evidence: "(1) has been discovered after the trial and could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely for impeachment purposes; and (4) is of such a nature and character that a different verdict will likely result if a new trial is granted." *Commonwealth v.*

5

*Johnson*, 841 A.2d 136, 140-41 (Pa. Super. 2003). The test is conjunctive and the petitioner must show by a preponderance of the evidence that each factor has been satisfied in order for the court to grant a new trial. *Commonwealth v. Foreman*, 55 A.3d 532, 537 (Pa. Super. 2012). Even though Defendant has invoked the after-discovered evidence exception, he still must prove, in accordance with § 9545(b)(2), that he filed his PCRA within sixty (60) days of the date his claim could have first been presented. *Commonwealth v. Bretz*, 830 A.2d 1273, 1275-76 (Pa. Super. 2003).

On its face, we must question the timeliness of Defendant's PCRA. First, defense counsel pleads no dates in any of the amended PCRAs regarding when the new statements from K.H. came about. At the June 16, 2015 hearing, the Defendant and his counsel gave conflicting testimony regarding the exact date they became aware of K.H.'s statements. The Defendant first testified he did not know the exact date of the alleged exculpatory statements. (PCRA Hr'g Tr. 29, June 16, 2015). He then stated he became aware of the statements when his mother wrote him a letter in March of 2014. *Id.* at 30. The letter is not attached to either his September 18, 2014 PCRA or the already dismissed June 30, 2014 PCRA, despite Defendant's contention that he included the letter with one of his PCRAs. *Id.* at 30-31. The Defendant also did not present this letter as evidence at the June 16th PCRA hearing.

Next, Defendant's testimony regarding the date of discovery was contrary to that of his own counsel. Attorney Natale first proffered to the Court, "We would have received [K.H.'s statements] originally in 2013. I was trying to investigate it so that I could determine that there was merit to it. As soon as I discovered it had merit, I filed my petition." *Id.* at 23. Mr. Natale then repeated this assertion when he testified as a

6

witness at the hearing, stating, "At that time in October 2013, it was the first message that he...that I received in regards to the potential of these statements made by [K.H.]." *Id.* at 39. If the Court is to believe Mr. Natale, a 2013 discovery date certainly puts the Defendant well outside the 60 days required to bring an after-discovered evidence claim. If the Defendant discovered the statements in March 2014, as he claims, his timing is problematic because he did not file this PCRA until September 2014, which again is beyond the 60-day requirement. Giving the Defendant the benefit of the doubt, if he discovered this new evidence on March 31, 2014, even his already dismissed June 30, 2014 PCRA would be untimely, as it would not have been filed until ninety-one days after the discovery date. Thus, the Court finds the Defendant's current PCRA is indeed untimely.

Even if we were to consider Defendant's after-discovered evidence claim as timely, it still is not persuasive after-discovered evidence because it fails the four-part test. *See Johnson, supra.* At the December 17, 2014 hearing before Judge Vernon, K.H. gave the following testimony:

> "Because it was like doctor's orders because I remember like about my constipation that doctors wanted to do surgery or something on me but they said that I was too small, and [they] said that they would have to do something else to help me. And they said that...like [the Defendant] had to like help me clean myself or whatever. He asked one of the other people in the house but they didn't want to do it...because they didn't want to do it, but no one else would so we just did it, and it got...and I thought that he was like hurting me because I was like screaming and everything, and they came in and called the cops on him. I know he was just trying to help me. I was only like six, so I didn't really understand then."

(PCRA Hr'g Tr., 28-29, Dec. 17, 2014).

7

At the June 15, 2015 hearing, the defense questioned K.H. further on her medical condition at the time of the incident:

Q. "Was there any reason why your dad was helping you?

A. Yes, because I was constipated.

Q. You were constipated.

A. Nothing else, no medicine…the medicine wasn't helping me, and I was in a lot of pain.

Q. And why did he stick his finger up your butt?

A. The doctors told him to. They were supposed to put something up my butt, but they didn't have anything. He asked like the girls in the house, but they wouldn't do it."

(PCRA Hr'g Tr. 14, June 16, 2015).

The Defendant now contends that this testimony is proof he was only providing medical assistance to K.H., and that the testimony would have changed the outcome of the trial. However, the Defendant presented this very same defense at trial. At trial, the Defendant's mother, A██ H██████, testified on his behalf. She explained that K.H. had constipation, and that the Defendant was the one who would insert suppositories into her anus. (Trial Tr. 213-215, Oct. 7, 2005). At the outset, we fail to see how the new K.H. testimony is "not merely corroborative or cumulative" of the defense already presented at trial, given the very same defense is again being presented to this Court as was presented at trial. *Johnson*, 841 A.2d at 141. The jury did not believe this defense, given they found Defendant guilty of Statutory Sexual Assault, Aggravated Indecent Assault, Indecent Assault, and Simple Assault. This fact presents a problem for the Defendant, as we are not easily persuaded that the very same defense would bring

8

about a new trial verdict. *See id.* Therefore, the Defendant's claim is suspect under the cumulative testimony and different verdict prongs of the four-part conjunctive test.

The Court does recognize that instead of the Defendant's mother offering the exculpatory testimony, the victim, K.H., is now testifying to a medical defense. However, we must still evaluate whether recanted victim testimony would compel a different verdict. The Pennsylvania Supreme Court has held that it is the PCRA court's duty in after-discovered evidence cases "to make credibility determinations on the recantation testimony with an eye to the relevant prejudice standard." *Commonwealth v. (Raymond) Johnson*, 966 A.2d 523, 541 (Pa. 2009). The Supreme Court has outlined the standard of review more specifically as follows:

> In assessing credibility on remand...the question for the PCRA court is not whether the jury in fact would have credited appellee's new evidence and his recast alibi evidence. Instead, the question is whether the nature and quality of the evidence is such that there is a reasonable probability that the jury would have credited it and rendered a more favorable verdict. That assessment must include a recognition of the impeachability of the witnesses, and not merely a viewing of their testimony in a most favorable light. Some witnesses may display a demeanor, or be subject to such strong impeachment...that the court is convinced that no reasonable jury would believe them. On the other hand, some witnesses may conduct themselves, or be of such repute, that the PCRA judge has substantial confidence that a jury would credit them.

*Id.* at 542 (citations omitted).

In this case, K.H. was diagnosed as being developmentally delayed and suffering from a form of autism. (Trial Tr. 194). At the December 17th PCRA hearing, counsel struggled at times to get her to comprehend and answer questions directly. She did not initially understand questions asked of her by defense counsel. (PCRA Hr'g Tr. 15-16, Dec. 17, 2014). Judge Vernon then elicited some testimony to ascertain K.H.'s competence to testify, and found her competent. *Id.* at 16-23. When then questioned

9

about how the Defendant touched her, she said several times, "I don't want to answer this question." *Id.* at 26-27. When the Assistant District Attorney asked K.H. about conversations with her grandmother, A████H██████, the following exchange took place:

> Q. "You lived with your grandmother?
>
> A. Yeah, until they were done with the investigation.
>
> Q. And do you remember if she asked you questions?
>
> A. A little...my grandma?
>
> Q. Yes.
>
> A. Yeah, she asked me some questions like, what did he do and everything.
>
> Q. I'm talking about after he was convicted?
>
> A. Oh yeah, a few things.
>
> Q. What did she ask you?
>
> A. She asked me like what did he do to me, and like how he did it.
>
> Q. Did she tell you that he was just helping you?
>
> A. Yeah...that and the doctor."

*Id.* at 30.

At the June 16th PCRA hearing, although still competent to testify, K.H. herself acknowledged that she has developmental delays. (PCRA Hr'g Tr. 20, June 16, 2015). Significantly, K.H. testified that she did not remember the Defendant licking her, but understood she did testify to that fact before the jury at trial. *Id.* at 13. The District Attorney then asked her, "And you don't have any reason to believe that it didn't happen at this point, do you?" and K.H. responded, "No." *Id.*

10

In reviewing the testimony from both PCRA hearings, the Court is not convinced that K.H.'s recent statements would cause a jury to render a more favorable verdict for Defendant. Primarily, we are not convinced the testimony even qualifies as recanted testimony. As already noted, K.H. has developmental learning issues. She is still a minor, and demonstrated at times during the PCRA hearings, an unwillingness to testify again in this matter or to answer certain questions. Therefore, by the Court's observation, her demeanor was not that of a witness who resolutely denounced her trial testimony and wanted to now tell an entirely different story. In fact, K.H. did not recant important trial testimony at all. She stated that she had no reason to believe that what she testified to at trial did not happen. *Id.* Moreover, as a minor with a learning disability, the Court cannot disregard that K.H.'s new testimony appears to be predicated upon at least some outside influence from her grandmother, who is also Defendant's mother and was a defense witness at trial. At the December 17th hearing, K.H. confirmed that her grandmother told her that the Defendant was purportedly helping her with suppositories. (PCRA Hr'g Tr. 30, Dec. 17, 2014). We cannot find K.H.'s new statements entirely credible, given she testified to sexual abuse by the Defendant at trial in 2005, eight to nine years later spoke to her grandmother about her recollection of events, and now testifies to the same exact defense testimony her grandmother gave at trial, a defense the jury already rejected. In giving consideration to K.H.'s minor status, her learning disability, the very noticeable differences between her trial testimony and her testimony at the PCRA hearings, and her demeanor during the PCRA hearings as a fairly hesitant recanting witness, the Court is not convinced a

11

reasonable jury would find her testimony compelling enough to render a different verdict. Thus, the Defendant's after-discovered evidence claim must fail.

## *Mandatory Minimum Sentence*

Next, the Defendant claims that since *Commonwealth v. Wolfe*, 106 A.3d 800 (Pa. Super. 2014) held mandatory sentencing under 42 Pa.C.S.A. § 9718 to be unconstitutional, this Court should find that the Defendant received an illegal mandatory minimum and resentence him. (Def.'s 3rd Am. PCRA ¶¶ 30-36). In this case, the Defendant's sentence for Aggravated Indecent Assault of a Person Less Than 13 Years of Age[4] was, "not less than sixty (60) months nor more than two hundred forty (240) months," which equates to a minimum of five (5) years on this count. (Sentence Order ¶ 4, Mar. 17, 2006). The applicable sentencing requirements of § 9718 are as follows:

> a) Mandatory sentence.--
>
> \*\*\*
>
> (2) A person convicted of the following offenses when the victim is less than 13 years of age shall be sentenced to a mandatory term of imprisonment as follows:
>
> \*\*\*
>
> 18 Pa.C.S. § 3125(a)(7)--not less than five years.

42 Pa.C.S.A. § 9718, *held unconstitutional by Commonwealth v. Wolfe*, 106 A.3d 800 (Pa. Super. 2014).

Here, Defendant was found guilty of the offense in § 3125(a)(7) and sentenced to at least five years on that count by Judge Warman.[5] As with Defendant's after-

---

[4] 18 Pa.C.S.A. § 3125(a)(7).

[5] In reviewing the record, there is no indication that Judge Warman imposed a mandatory minimum sentence. Judge Warman did not specify he was sentencing as a mandatory. In fact, he stated his reasoning for the departure of the sentence in the aggravated range. (Megan's Law and Sentence Tr. 25-26, Mar. 17, 2006). Additionally, we are not aware of any notice of intention to seek a mandatory sentence filed by the Commonwealth in this case, as it was never discussed at sentencing. A challenge to the discretionary aspects of

12

discovered evidence issue, the fact that he filed an untimely PCRA also renders his mandatory minimum claim invalid. A "well-established" exception on appeal is that "challenges to the legality of the sentence are never waived." *Commonwealth v. Berry*, 877 A.2d 479, 482 (Pa. Super. 2005). A court may consider a challenge of an illegal sentence as long that court has jurisdiction to hear the claim. *Id.* In terms of a PCRA, jurisdiction means the filing of a timely PCRA. *See Commonwealth v. Voss*, 838 A.2d 795, 800 (Pa. Super. 2003) (holding appellant's PCRA must be denied because it was both untimely and failed to allege that any of the exceptions to the timeliness requirement applied).[6] Thus, even though the Court may give consideration to Defendant's illegal sentence claim, we have no jurisdiction to rule upon the claim where the PCRA is untimely filed.

As the Court has addressed in the aforementioned discussion, the Defendant has not adequately proven the after-discovered evidence exception to save his untimely PCRA, which he filed long after the one-year requisite from when the judgment of sentence became final on May 19, 2008. Similarly, we are without authority to find a retroactive new constitutional right exception under 42 Pa.C.S.A. § 9545(b)(1)(iii) in order to resentence the Defendant. In deciding *Wolfe*, the Superior Court based its findings predominantly upon the U.S. Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), which held that because mandatory minimum sentences increase criminal penalties, any fact that increases the mandatory minimum is an

---

sentencing must be raised in a post-sentence motion or by presenting the claim to the trial court at sentencing; if not so raised, an objection to a discretionary aspect of sentence is waived. *Commonwealth v. Shugars*, 895 A.2d 1270, 1273-74 (Pa. Super. 2006). The Defendant did not do either here, and therefore, his sentencing claim should be considered waived for purposes of his PCRA pursuant to 42 Pa.C.S.A. § 9543(a)(3).

[6] *Voss* adopted the reasoning of the PA Supreme Court that while "legality of sentence is always subject to review within the PCRA, *claims must still satisfy the PCRA's time limits or one of the exceptions thereto.*" 838 A.2d at 800 (emphasis added) (quoting *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999)).

13

"element" that must be submitted to the jury. *Alleyne*, 133 S. Ct. at 2153. A new constitutional right under § 9545(b)(1)(iii) is applied retroactively to cases on collateral review only if the U.S. Supreme Court or the Pennsylvania Supreme Court specifically holds it to be retroactively applicable. *Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014). Presently, neither Supreme Court has held that *Alleyne*, and by extension its Pennsylvania progeny such as *Wolfe*, applies retroactively to cases in which the judgment of sentence has become final. *Miller*, 102 A.3d at 995. Because the Defendant does not raise a proper exception to the PCRA statute, his claim is time-barred.

For the aforementioned reasons, the Court cannot find that the Defendant is entitled to any PCRA relief on the claims he has presented.

WHEREFORE, the Court enters the following ORDER:

14

IN THE COURT OF COMMON PLEAS OF FAYETTE COUNTY, PENNSYLVANIA

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | CRIMINAL DIVISION |
| v. | |
| ANTHONY HESS, | No. 707 of 2005 |
| Defendant. | |

# ORDER

AND NOW, this 12th day of August, 2015, upon consideration of Defendant's PCRA, it is hereby ORDERED and DECREED that said Petition is DENIED and DISMISSED WITH PREJUDICE.

BY THE COURT:

_____ J.
STEVE P. LESKINEN, JUDGE

ATTEST:

_____
CLERK OF COURTS

FILED
2015 AUG 14 AM 10 09
JANICE SNYDER
FAYETTE COUNTY
CLERK

8-17-15 9:00
CERTICATE

FAY. CO. BAR-R

J-S08042-16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/16/2016